KAB

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Glass, | No. CV 14-1527-PHX-DGC (BSB) |
| Plaintiff, | |
| vs. | **ORDER** |
| David Rothrock, et al., | |
| Defendants. | |

Plaintiff Harold Glass, who is confined in the State Correctional Institution-Rockview in Bellefonte, Pennsylvania, filed a document entitled "Emergency Restraining Order 42 USC 1983" (Doc. 1).

Motions for injunctive relief are not independent actions, but rather a means to seek extraordinary relief in an ongoing action that has been initiated by filing a complaint or other proper petition that alleges jurisdictional facts. Indeed, Rule 65 of the Federal Rules of Civil Procedure, which provides for the granting of preliminary injunctions and temporary restraining orders, "was designed solely as a procedural tool to expedite the action and accommodate the court and the litigants" and "does not confer either subject matter or personal jurisdiction on the court." *Citizens Concerned for the Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980) (citation omitted). Before seeking injunctive relief, Plaintiff must first have a Complaint pending before the Court. *See Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can

**JDDL-K**

preliminary injunctive relief be obtained.") (citing Fed. R. Civ. P. 65(a)(2)); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).  Because there is no Complaint pending before the Court in this case, Plaintiff's "Emergency Restraining Order 42 USC 1983" is not properly before the Court.  Moreover, the "Emergency Restraining Order 42 USC 1983" contains frivolous allegations and has no legal basis.  Accordingly, the Court will deny the "Emergency Restraining Order 42 USC 1983" and will direct the Clerk of Court to close this case.

**IT IS ORDERED:**

(1) Plaintiff's "Emergency Restraining Order 42 USC 1983" (Doc. 1) is **denied**.

(2) The Clerk of Court must **close this case** and enter judgment accordingly.

Dated this 29th day of July, 2014.

_____
David G. Campbell
United States District Judge

- 2 -